UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>ADAM WISNIEWSKI,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:22-cr-00211-LK<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for Preliminary Order of Forfeiture, Dkt. No. 223, seeking to forfeit, to the United States, Defendant Adam Wisniewski's interest in the following property ("Subject Property"):

　　1.　　A Harrington & Richardson pistol; and

　　2.　　All associated ammunition.

Mr. Wisniewski did not file any response to the motion. The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

- The Subject Property is forfeitable pursuant to 21 U.S.C. § 853(a), as property constituting or derived from proceeds Mr. Wisniewski obtained as a result of,

PRELIMINARY ORDER OF FORFEITURE - 1

and/or property that facilitated his commission of, Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), as firearms and ammunition involved in his commission of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g); and

- Mr. Wisniewski agreed in the Plea Agreement he entered on February 8, 2024 to forfeit the Subject Property pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c). Dkt. No. 220 at 8–9.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), and Mr. Wisniewski's Plea Agreement, Dkt. No. 220, Mr. Wisniewski's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Mr. Wisniewski at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The Department of Justice, Drug Enforcement Administration, and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

4) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Mr. Wisniewski, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30)

PRELIMINARY ORDER OF FORFEITURE - 2

days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.    shall be signed by the petitioner under penalty of perjury; and

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated this 26th day of February, 2024.

*Lauren King*
Lauren King
United States District Judge

PRELIMINARY ORDER OF FORFEITURE - 3